## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MARCO ANTONIO CASTRO SANCHEZ,

    *Petitioner*,

    v.                                                                                  No. 1:26-cv-01413-SMD-LF

MARKWAYNE MULLIN, [1] *et al.*,

    *Respondents*.

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Marco Antonio Castro Sanchez's Petition for Writ of Habeas Corpus and Complaint for Emergency Injunctive Relief ("Petition"), filed on May 5, 2026. Doc. 1.

Petitioner, a citizen of Honduras, entered the United States without inspection in 2005 and has remained in the country since. Doc. 1 ¶ 20. Petitioner is married to a lawful permanent resident and has a 20-year-old daughter who is a United States citizen. *Id.* ¶ 22.

Petitioner was arrested in 2017 for using false documentation to work. *Id.* ¶ 21. Petitioner does not indicate whether the arrest resulted in a conviction, alleging only that the case "was resolved in 2024." *Id.* Respondents further assert that the Ector County Sheriff's Office arrested Petitioner in 2025 for public intoxication. Doc. 6 at 1. Respondents do not allege that either arrest resulted in a criminal conviction.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), an action does not abate when a public officer who is a party in official capacity resigns or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party, and any misnomer not affecting the parties' substantial rights must be disregarded. While the court may order substitution at any time, the absence of such an order does not affect the substitution.

Petitioner asserts that Department of Homeland Security detained him on October 31, 2025, at or near Odessa, Texas.  Doc. 1 ¶ 24.  Respondents contend that Petitioner was instead detained on November 2, 2025, after being jailed on the public intoxication charge.  Doc. 6 at 1.

On February 5, 2026, an immigration judge ("IJ") denied Petitioner's request for bond, citing a lack of jurisdiction.  *Id.*  On May 13, 2026, an IJ ordered Petitioner removed to Honduras. *Id.* at 1–2.  The Board of Immigration Appeals' automated case information reflects that it received Petitioner's appeal on May 28, 2026, which remains pending.[2]  As of the date of this Order, Petitioner has been detained for more than nine months.

## DISCUSSION

### I.    The Court Has Subject Matter Jurisdiction.

The Court has subject matter jurisdiction to review Petitioner's claims.  *See Tuck v. United Serv.'s Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (stating that a federal court has an independent obligation to assure itself of subject matter jurisdiction).

Respondents invoke 8 U.S.C. § 1252(e)(3), (g), and (b)(9) to argue this Court lacks jurisdiction.  *See* Doc. 6 at 1–6.

First, Respondents contend that § 1252(e)(3) deprives this Court of jurisdiction, "including habeas corpus jurisdiction, over Petitioner's challenge to his dentition under § 1225(b)(2)(A)." *Id.* at 2.  That reading departs from the statute's plain language.  § 1252(e)(3) limits judicial review to "whether such section, or any regulation issued to implement such section, is constitutional," or "whether such regulation . . . written policy directive, written policy guideline, or written procedure . . . is not consistent with applicable provisions of this subchapter or is otherwise in violation of law."  *See Sanchez v. Noem*, 821 F. Supp. 3d 1276, 1282 (D.N.M. 2026).

---

[2] EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation/ (last visited August 7, 2026).

By its plain terms, § 1252(e)(3) limits judicial review of challenges to the statute or regulations; it does not limit judicial review for challenges to the constitutionality of the detention. Nowhere in the Petition did Petitioner seek to challenge the legality or implementation of any statute, regulation, policy, or procedure as would be necessary for § 1252(e)(3) to apply. Moreover, in a binding decision, the Tenth Circuit clarified that "§ 1225 generally applies at the border while § 1226 applies in the country's interior." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235 (10th Cir. 2026). Applying statutory interpretation principles and the doctrine of constitutional avoidance, the Tenth Circuit explicitly limited the application of § 1225 to individuals apprehended at the border. *Id.* at 1250. Here, the parties do not dispute that Petitioner was detained in the interior of the United States; § 1226(a) therefore governs his detention. *See* Doc. 6 at 1. Because § 1252(e)(3) expressly concerns "[j]udicial review of determinations under section 1225(b)," it does not apply here. *Sanchez*, 821 F. Supp. 3d at 1282.

Respondents next invoke 8 U.S.C. § 1252(g), contending that it bars judicial review because the government is detaining Petitioner to execute his removal order, relying on cases in which courts declined to exercise jurisdiction. *See id.* (citing *Tazu v. Att'y Gen. of United States*, 975 F.3d 292, 298 (3d Cir. 2020).

Respondents correctly note that § 1252 bars courts from reviewing the merits of a removal determination. *See id.*; *Vaupel v. Ortiz*, 244 F. App'x 892, 895 (10th Cir. 2007). Here, however, Petitioner does not seek that type of review. Petitioner does not challenge the substance of a removal order or any findings regarding removability. Instead, he challenges his continued detention as a violation of the Due Process Clause. That constitutional claim differs from a challenge to a removal determination. *See Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008) (citing *Demore*, 538 U.S. at 517).

Petitioner's due process claim therefore does not arise "from the implementation or operation of the expedited removal order." *See Turgerel v. Mukasey*, 513 F.3d 1202, 1205 (10th Cir. 2008); *Vaupel*, 244 F. App'x at 895; *Mursalin v. Dedos*, No. 1:25-CV-00681-MIS-JMR, 2025 WL 3140824, at *8 (D.N.M. Nov. 10, 2025). The jurisdiction bar under § 1252 does not apply.

Courts routinely distinguish detention challenges from challenges to removal orders. As one court explained, "[w]here a petitioner 'does not challenge any final order of removal, but challenges his detention prior to the issuance of any such order' the jurisdiction-stripping provisions do not apply." *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *8 (S.D. Cal. Oct. 1, 2025) (quoting *Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008). The Court finds that reasoning persuasive. Section 1252(g) therefore does not deprive the Court of subject matter jurisdiction over Petitioner's habeas petition.

Respondents lastly argue that § 1252(b)(9) prohibits "judicial review of all questions of law . . . arising from any action taken or proceeding brought to remove an alien from the United States." Petitioner does not challenge his removal proceedings; he challenges his denial of a bond hearing pursuant to § 1226(a). Respondents' reading of § 1252(b)(9) impermissibly expands the phrase "arising from any action." *See Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018) (determining that interpreting § 1252(b)(9) to apply to any injury that would not have occurred but for a noncitizen's detention status would lead to "absurd" results); *see also Mukantagara v. U.S. Dep't of Homeland Sec.*, 67 F.4th 1113, 1116 (10th Cir. 2023) ("A claim only arises from a removal proceeding when the parties in fact are challenging removal proceedings."). Petitioner does not seek "review of an order of removal; [he is] not challenging the decision to detain [him] in the first place or to seek removal; and [he is] not even challenging any part of the process by

4

which [his] removability will be determined." *Jennings*, 583 U.S. at 294.  Therefore, the Court finds that § 1252 does not deprive it of jurisdiction.  *See Sanchez*, 821 F. Supp. 3d at 1282–83.

## II.    Petitioner's Continued Detention Violates Due Process.

Petitioner has been detained at the Cibola County Detention Center since October 31, 2025 or November 2, 2025, a detention now panning over nine months.  Doc. 1 ¶ 24; Doc. 6 at 1.  At this point, Petitioner's detention can no longer be justified as a reasonable means to effectuate his removal.   Where detention becomes indefinitely prolonged, "[s]uch imprisonment is impermissible punishment rather than detention pending deportation." *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1385–90 (10th Cir. 1981); *Mardanpour v. Warden*, No. 2:26-CV-00550-MIS-LF, 2026 WL 963164, at *3 (D.N.M. Apr. 9, 2026).

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly.").   Petitioner possesses a protected liberty interest in remaining free from detention and Respondents have deprived him of that interest without constitutionally adequate process.

Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).   "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty

that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

"Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" *Santilla Quiroz*, 180 F.4th at 1249 (citation omitted). Here, the Government has offered neither justification nor process for the deprivation of Petitioner's protected liberty interest. There is no evidence that Petitioner is a flight risk, a threat to the community, or that the Government has any interest whatsoever in his ongoing detention. The Government has therefore violated Petitioner's Fifth Amendment rights, and he is entitled to habeas relief. *Cf. Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *17 (7th Cir. July 30, 2026).

**CONCLUSION**

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2) The Motion to Dismiss for Lack of Jurisdiction (Doc. 6) is **DENIED**;

3) Respondents **SHALL** release Petitioner within **two business days** of this Order being entered;

6

4) Respondents **SHALL** facilitate Petitioner's transportation from the detention facility by coordinating with his counsel and providing all necessary identity and travel documents to return him to his primary address;

5) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release.  This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements).  Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

6) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**